UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCINDA J., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security,[1] <br><br> Defendant. | CASE NO. C18-5783-RAJ-MAT <br><br> REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, the Court recommends this matter be REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[2] She obtained her GED and certifications as a nursing assistant and phlebotomist, and worked as a certified nursing assistant. (AR 72, 105-06.) Plaintiff

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration (SSA). Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION
PAGE - 1

protectively filed an SSI application on March 31, 2014, alleging disability beginning January 3, 2014. (AR 274-80.)   Her application was denied initially and on reconsideration.

On March 9, 2017, ALJ Sue Leise held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 58-111.) The ALJ scheduled a subsequent hearing (*see* AR 251-72), but neither plaintiff, nor her representative appeared (*see* AR 15).  On September 27, 2017, the ALJ issued a decision finding plaintiff not disabled since the March 31, 2014 application date. (AR 15-27.)[3]

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on July 23, 2018 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the application date.   At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's bipolar affective disorder, anxiety/panic disorder, chronic obstructive pulmonary disorder

---

[3] The earliest month a claimant can receive SSI is the month after the month the claimant filed the SSI application. 20 C.F.R. § 416.335. The SSA develops the medical history for at least twelve months preceding the application date. *See* § 416.912(d) (2015), *as amended*, § 416.912(b)(1) (2017). In this case, the record contains a prior ALJ decision dated January 2, 2014 and finding plaintiff not disabled as of December 20, 2011. (AR 115-24.) The ALJ found the presumption of continuing non-disability rebutted by a showing of changed circumstances. (AR 15, n.1.)

REPORT AND RECOMMENDATION
PAGE - 2

(COPD), and hypertension severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels, but with the following nonexertional limitations: no climbing of ladders, ropes, or scaffolds; cannot work around hazards, such as unprotected heights and moving machinery; limited to occasional exposure to dust, fumes, gases, and other respiratory irritants; able to remember, understand, and carry out tasks or instructions consistent with occupations of an SVP of one or two; should work in a workplace environment that involves simple workplace decisions, with few, if any, workplace changes; can perform work with no interaction with the general public; and can work in proximity to coworkers, but no teamwork. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a warehouse worker, hand packager, and lab helper.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported

by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in rejecting the opinion of examining psychologist Dr. Peter Weiss. She requested remand for an award of benefits in the opening brief and a remand for further administrative proceedings in her reply brief. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Medical Opinion

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where the record contains contradictory medical opinions, as in this case, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Peter Weiss conducted a psychological evaluation of plaintiff in December 2016. (AR 674-79.) He found plaintiff markedly limited in communicating and performing effectively; severely limited in performing activities in a schedule, maintaining regular attendance, and being punctual, maintaining appropriate behavior, completing a normal work day/week, and setting realistic goals and planning independently; and severely limited overall. (AR 676.)

The ALJ found the opinions of Dr. Weiss "appear to be unsupported by the medical

REPORT AND RECOMMENDATION
PAGE - 4

record." (AR 24.) Although diagnosed with various mental health conditions, mental status examinations (MSEs) throughout the record consistently showed normal and benign findings. Specifically, plaintiff exhibited normal mood, affect, judgment, insight, and behavior. (*Id.* (citing AR 395-98, 450-629, 630-61, 662-70, 716-67).) The medical record also showed improvement with treatment. "Often, the deterioration in the claimant's mental health condition was associated with non-compliance with medication regimens." (AR 662-70.) The ALJ, for these reasons, gave the opinion of Dr. Weiss little weight.

Plaintiff argues the ALJ's conclusory statement regarding MSEs and citation to five full exhibits in support does not suffice as a specific and legitimate reason. She rejects the ALJ's assertion of consistently normal and benign findings and observes many MSEs constituted either only a small portion of the medical appointments, were connected to appointments having nothing to do with mental health issues, contained abnormal findings, and/or evolved into a situation that would suggest greater limitations may be required. (*See* Dkt. 10 at 2-3.) Plaintiff notes the ALJ's failure to cite to any portion of the record to support her conclusion regarding improvement with treatment. She asserts the absence of an explanation as to how the evidence of deterioration with medication non-compliance conflicts with the limitations assessed by Dr. Weiss. She also notes the ALJ's citation to a full record exhibit in support of this conclusion, and contends the exhibit nonetheless shows, even when on medication, she exhibited mental health symptoms. (*See, e.g.*, AR 668, 670.) Plaintiff, finally, notes the ALJ's failure to account for or reject the opinion of Dr. Lucy Carstens, who agreed with the evaluation of Dr. Weiss in a review of the medical evidence. (AR 704-05.) The Court, for the reasons set forth below, finds the ALJ's decision to lack the support of substantial evidence.

The ALJ failed to sufficiently discuss and support her conclusion regarding MSEs. For

instance, one cited exhibit totals 180 pages of documents, a significant number of which call the ALJ's interpretation of the record into question. (*See, e.g.*, AR 460-61, 464, 466-67 (December 22, 2014 hospitalization after attempted overdose/suicidal ideation: noting altered thought processes and "does not appear to understand her illness."; argumentative, belligerent, non-cooperative, spitting on and pushing a nurse, labile, hostile, agitated, yelling, and threatening; "She is agitated, irrational, and somewhat disorganized in her thought processes. Insight, judgment and impulse control are impaired."); AR 483 (January 4, 2016: "pressure[d] speech, appears anxious."); AR 514, 520 (April 18, 2016: as physician attempted to explain medical issue she "became visibly upset, started crying, and asked for me to leave."; when different physician attempted to consult she said "the cardiologist lied and that she will cut his throat."; left the hospital against medical advice); AR 574 (July 12, 2016: "nervous/anxious (chronically worse while in hospital)"); AR 580 (July 13, 2016: argumentative, declining treatment); AR 568-69 (July 17, 2016: became extremely angry, accused doctor of lying, and tried to pull out IV lines; "This patient has severe bipolar disease and is currently decompensated from a psychiatric standpoint."; "persistently verbally abusive to staff"; finding prognosis for obtaining consistent medical care poor based on antagonistic presentation towards medical providers on last two hospital admissions); AR 585-86 (July 20, 2016: at times agitated; poor coping mechanisms understandable with psychiatric history "and her only way of dealing with this is to become angry and is not able to handle her emotions well."); AR 588 (October 5, 2016: "Her mood appears anxious. Her affect is labile. Her speech is rapid and pressured. She is agitated. She expresses impulsivity.")) Other records, some dated not long before the SSI application date, further detract from the ALJ's interpretation. (*See, e.g.*, AR 402 (October 20, 2013: expressionless, limited/poor eye contact, restless, suspicious/guarded, blunt/fearful, anxious, irritability, concrete thinking); AR 390-91

REPORT AND RECOMMENDATION
PAGE - 6

(November 30, 2013: quite abrasive and angry at outset, speech loud and pressured at times, somewhat fidgety, some circumstantiality, a little difficulty with attention, fund of knowledge average to low average); AR 379 (January 22, 2014: blunted affect, some circumstantiality); AR 649 (July 14, 2016: anxious mood and hyperactive); AR 668 (April 24, 2017: neutral to slightly irritable mood, with slightly constricted but appropriate affect, occasional auditory hallucinations); and AR 630-61 (records from July 2016 hospitalization, described above and also cited by the ALJ in support of her conclusion).)  Dr. Weiss, in his November 2016 MSE, noted depressed mood and dysthymic affect, as well as fund of knowledge, concentration, and insight and judgment not within normal limits.  (AR 677-78.)  Also, and as plaintiff observes, numerous documents relied upon by the ALJ reflect normal and/or minimal psychiatric findings at medical appointments entirely unrelated to plaintiff's mental impairments.  (*See, e.g.*, AR 395-97 (pap smear); AR 457-58 (urinary incontinence); AR 479 (vaginal lump); AR 484 (sore throat, cough); AR 487-90, 494-98, 502-03, 522-25, 529-31, 595-97, 601-05 (abdominal pain, nausea, vomiting, and/or diarrhea); AR 505-09 (same, plus visual change); and AR 563-64 (fainting).)

The Commissioner minimizes the import of the above-described evidence, arguing, for example, it shows exacerbation of symptoms when plaintiff stopped taking her bipolar medication and other isolated events.  The Court, however, finds the absence of a more detailed analysis, with specific citation to the record, to warrant remand.

The ALJ accurately observes the existence of evidence showing deterioration associated with a failure to comply with treatment and take medication.  (*See*, *e.g.*, AR 383 (December 11, 2013: stopped prazosin, worse anxiety and isolating more); AR 425 (April 4, 2014: frequently missed scheduled sessions, has made little progress, and "attendance in scheduled appointments is a significant barrier to treatment. . . "); AR 373 (April 23, 2014: "Reporting feeling more depressed

REPORT AND RECOMMENDATION
PAGE - 7

in the context of stopping the Seroquel XR."); and AR 533 (May 10, 2016: ". . . she knows her mood swings are bad to deal with when she is off medications.")) However, the ALJ merely states this conclusion without any discussion and cites only a single exhibit, which supports the conclusion only in part. (*See* AR 24 and AR 662-663 (September 18, 2015: "The only meds that I am [on] is lorazepam. My moods fluctuate. I get irritable. I tell people, I am not on meds, don't fuck with me. I got tired of taking meds. I don't like taking pills. I only take medications when I have to be around other people. I don't like to be around other people."; "She returns to care requesting counseling support and to restart her medications for Bipolar. She is currently on a limited supply of Ativan[.]"); AR 665 (December 21, 2015: "'I need to get back on medication for anxiety.'"); AR 668 (April 24, 2017: reporting numerous symptoms, including mood swings, anxiety, anger, hearing mumbled voices, frequent passive suicidal ideation, daily anxiety, near panic in public, avoidant/isolating behavior, all while taking Ativan and Lexapro; told to resume Seroquel, which she had used in past with good results); and AR 670 (May 24, 2017: reporting two incidences in past month where she felt attacked, making her more anxious and angry, but that Seroquel had helped her sleep and mood a little).) Given the minimal discussion and mixed evidence, the Court also finds a remand warranted with respect to evidence of improvement with treatment and deterioration with non-compliance.

The ALJ, finally, did not address the December 16, 2016 medical evidence review from Dr. Luci Carstens. (AR 704-05.) In that review, Dr. Carstens found the diagnoses and functional assessment of Dr. Weiss supported by the medical evidence, but opined both a longer duration of twenty-four months and an earlier onset date should be considered. As the Commissioner observes, plaintiff failed to identify this as an error on the first page of her brief, as required by this Court's scheduling order. This matter is, in any event, already subject to remand in relation

to Dr. Weiss.

## Remand

While the Court has discretion in choosing the type of remand, *see Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990), an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). *Accord Leon v. Berryhill*, No. 15-15277, 2017 U.S. App. LEXIS 22330 at *3, 874 F.3d 1130, ___ (9th Cir. Nov. 7, 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.")  It requires a showing that (1) the ALJ "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'"; (2) "'the record has been fully developed and further administrative proceedings would serve no useful purpose[,]'" a determination necessitating consideration of any "'outstanding issues'" that must be resolved before a disability determination can be made; and (3) that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020-21 (9th Cir. 2014), and *Treichler*, 775 F.3d at 1105).[4]

Even with satisfaction of the three requirements, the Court retains "'flexibility'" in determining the proper remedy and may remand for further proceedings "'when the record as a

---

[4] The Court considers the existence of outstanding issues *before* considering whether to credit a claimant's testimony or a medical opinion as a matter of law. *Treichler*, 775 F.3d at 1101, 1105 ("Third, if we conclude that no outstanding issues remain and further proceedings would not be useful, we . . . [find] the relevant testimony credible as a matter of law, and then determine whether the record, taken as a whole, leaves "'not the slightest uncertainty as to the outcome of [the] proceeding[.]'") (citations omitted); *accord Leon*, 2017 U.S. App. LEXIS 22330 at *6.

REPORT AND RECOMMENDATION
PAGE - 9

whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). "A claimant is not entitled to benefits under the statute unless the claimant is . . . disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

The Court does not an award of benefits appropriate. The ALJ failed to sufficiently discuss and identify support for her reasons for rejecting the opinion of Dr. Weiss. She also failed to address the evidence from Dr. Carstens. However, it is not clear the record has been fully developed in this case and that further proceedings would not be useful. Outstanding issues must be resolved before making a disability determination, including, for example, the extent to which plaintiff's failure to comply with her medication regimen and other treatment recommendations impacted her functioning, and the extent to which her symptoms were unusually exacerbated during in-patient hospitalizations versus her day-to-day functioning. On remand, the ALJ should both further examine and address the existing medical record and obtain an additional medical opinion from a psychological/psychiatric consultative examiner.

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further administrative proceedings.

## **DEADLINE FOR OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your

right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 12, 2019**.

DATED this 21st day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge